UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGO OCAMPO VAZQUEZ, *individually and on behalf of others similarly situated,*<br><br>        *Plaintiff,*<br><br>-against-<br><br>ADYAR ANANDA BHAVAN CORP. (D/B/A ADYAR ANANDA BHAVAN) and ANITHA RAJU GOUNDER,<br><br>        *Defendants.* | **Docket No.: 21-cv-02793 (JPO) (GWG)**<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

   This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff, Domingo Ocampo Vazquez ("Plaintiff"), on the one hand, and Adyar Ananda Bhavan Corp. (d/b/a Adyar Ananda Bhavan) ("Corporate Defendant") and Anitha Raju Gounder ("Individual Defendant") (collectively, "Defendants"), on the other hand.

   WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

   WHEREAS, a dispute arose regarding Plaintiff's alleged employment and the terms thereof, which dispute resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 21-cv-02793 (JPO) (GWG) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour laws; and

   WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

   WHEREAS, Plaintiff and Defendants desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1. <u>Preliminary Matters</u>.  Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including William K. Oates, Esq. of C.S.M. Legal, P.C. ("Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement.  Plaintiff and Defendants participated in lengthy settlement discussions, including a settlement conference before this Court.  Plaintiff acknowledges that it is his choice to waive any potential wage and hour claims against Defendants in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  By signing below, Plaintiff represents that his primary language is

Spanish; that Plaintiff's counsel has reviewed all terms of this Agreement with Plaintiff in Spanish; and that Plaintiff fully understands all terms of this Agreement and voluntarily accepts them. Plaintiff confirms that he is signing this Agreement voluntarily. Given the promises and consideration set forth in this Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime pay, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants.

2. <u>Dismissal of Pending Action</u>. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff shall: (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against Defendants; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against Defendants in any court or other forum for wage and hour claims that are released, as set forth in Section 5 of this Agreement. Plaintiff and Defendants expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice in accordance with this Section (including the Stipulation of Dismissal annexed hereto as Exhibit A), approval of this settlement as fair and reasonable, and/or the effectuation of a release of wage and hour claims as specified herein.

3. <u>Payment</u>: In consideration for Plaintiff's execution of and compliance with this Agreement, including the release set forth in Section 5 of this Agreement, and the dismissal with prejudice of the Action by Plaintiff as against Defendants, Defendants shall pay or caused to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) (the "Settlement Amount"), payable as a lump-sum payment. Defendants shall deliver the Settlement Amount to Plaintiff within thirty (30) days of the date on which the Court issues an order approving this Agreement and dismissing the Action with prejudice against Defendants.

   a. Plaintiff shall receive Five Thousand Dollars and No Cents ($5,000.00) of the Settlement Amount, which is two-thirds of the Settlement Amount.

   b. C.S.M. Legal, P.C. shall receive Two Thousand Five Hundred Dollars and No Cents ($2,500.00) of the Settlement Amount for legal services rendered, which is one-third of the Settlement Amount.

   c. Defendants shall remit the Settlement Amount to Plaintiff's counsel by issuing the following two checks: 1) One check payable to Domingo Ocampo Vazquez in the amount of $5,000.00; and 2) one check payable to C.S.M. Legal, P.C. in the amount of $2,500.00. Defendants shall send the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express, with a tracking number, addressed to C.S.M. Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165.

   d. Upon the Court's dismissal of this action against Defendants, the Court shall keep this action administratively open for a period of ninety (90) days to allow Defendants time to deliver the settlement payment to Plaintiff. If Defendants fail to timely deliver the Settlement Amount to Plaintiff pursuant to this Section 3, then Defendants will be in default of this Agreement. In the event of a default, Defendants may cure the default by delivering the Settlement Amount to Plaintiff within ten (10) days of their receipt of a written notice of default. If Defendants fail to timely cure the default, then Plaintiff may move the Court to reopen the

2

Action as to Defendants within ninety (90) days after the Court: (i) enters an order approving the Agreement; and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last. Written notice of any default shall be delivered by Plaintiff's counsel to Defendants' counsel, Jason Mizrahi, Esq., via e-mail at Jason@levinepstein.com. Such notice of default shall be deemed received upon electronic transmission.

4. <u>Tax Treatment.</u> There shall be no withholding for tax purposes from the Settlement Amount paid under Section 3 to Plaintiff and his counsel. No representations have been made to Plaintiff by Defendants or their attorneys regarding the taxability of the settlement payments referred to in Section 3. Plaintiff understands that he will be responsible for paying any and all taxes related to the payment received under this Agreement. Similarly, no representations have been made to C.S.M. Legal, P.C. by Defendants regarding the taxability of the settlement payments referred to in Section 3. C.S.M. Legal, P.C. understands that it will be responsible for paying its taxes related to the payment received under this Agreement. The taxability of the settlement payments shall not affect the validity of this Agreement. Plaintiff agrees to defend, indemnify, and hold harmless Defendants against any and all tax liabilities incurred by Defendants related to the Settlement Amount.

5. <u>Release</u>. For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any wage and hour claim by or through Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all wage and hour and record-keeping actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that all Parties execute this Agreement, in particular claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York Commissioner of Labor.

6. <u>No Pending or Future Lawsuits</u>. Plaintiff represents that he has no lawsuits, claims, actions, or administrative proceedings pending in his name, or on behalf of any other person or entity, against the Defendants, other than the Action. Plaintiff also represents that he will not bring any wage and hour claims that are released, either on his own behalf or on behalf of any other person or entity, against Defendants. Defendants represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiff.

7. <u>No Admission of Liability</u>. Plaintiff and Defendants understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by Plaintiff and Defendants either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by Plaintiff or Defendants of any fault or liability whatsoever to the other or to any third party.

8. <u>Non-Disparagement</u>.  Plaintiff agrees that he shall not, in any manner, disparage Defendants in any forum or form, whether electronic or otherwise, including, without limitation, by making comments or statements to the press or to any individual or entity which could adversely affect the conduct of Defendants' business or the reputation or interests of Defendants, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect Defendants' business or the reputation or interests of Defendants. Defendants similarly agree that they shall not, in any manner, disparage Plaintiff in any forum or form, whether electronic or otherwise, including, without limitation, by providing negative employment references on behalf of Plaintiff and by making comments or statements to the press or to any individual or entity which could adversely affect the reputation or interests of Plaintiff, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the reputation or interests of Plaintiff.

Nothing in this Section shall limit the ability of any party to communicate truthfully regarding their experience during the Litigation, including with respect to the claims and defenses asserted in the Litigation.  Further, nothing in this Section shall restrict any party from responding to, or testifying pursuant to, any subpoena, court order, or other legal mandate from applicable regulatory authorities.

9. <u>Modification of the Agreement</u>.  This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants.  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

10. <u>Notices</u>.  Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission thereof.  Notice hereunder shall be delivered to:

<u>Plaintiff</u>:

William K. Oates, Esq.
C.S.M. Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Email: woates@csm-legal.com

<u>Defendants</u>:

Jason Mizrahi, Esq.,
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0048
Email: Jason@levinepstein.com

4

11. <u>Governing Law</u>. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. Plaintiff and Defendants consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York and/or, in the event that the amount in controversy fails to meet the jurisdictional threshold of the Supreme Court of the State of New York, any other court of the State or City of New York located within New York County.

12. <u>Enforceability</u>. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiff agrees to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

13. <u>Acknowledgments</u>. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the release effected thereby. Plaintiff and Defendants represent and warrant that the Settlement Amount is fair and reasonable. Plaintiff and Defendants represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. Plaintiff and Defendants acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

14. <u>Headings</u>. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15. <u>No Other Representations or Agreements</u>. Plaintiff and Defendants acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiff and Defendants concerning the subject matter hereof, except this Agreement. This Agreement constitutes and contains the entire agreement amongst Plaintiff and Defendants, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16. <u>Counterparts</u>. To signify their agreement to the terms of this Agreement and Release, Plaintiff and Defendants have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon Plaintiff and Defendants, notwithstanding that Plaintiff and Defendants may not have executed the same counterpart. This Agreement may also be executed electronically or by facsimile transmission. This Agreement must be executed by all Parties.

17. <u>Successors and Assigns</u>.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiff and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiff and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**[INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiff and Defendants have executed this Agreement.

PLAINTIFF:

By: _____          Date: 12/23/2021
    Domingo Ocampo Vazquez

DEFENDANTS:

By: _____          Date: _____
    Adyar Ananda Bhavan Corp.

Title: _____

By: _____          Date: _____
    Anitha Raju Gounder

7

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiff and Defendants have executed this Agreement.

PLAINTIFF:

By: _____          Date: _____
    Domingo Ocampo Vazquez

DEFENDANTS:

By: _____*signature*_____          Date: 1/4/22
    Adyar Ananda Bhavan Corp.

Title: ____Owner_____

By: _____*signature*_____          Date: 1/4/22
    Anitha Raju Gounder

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGO OCAMPO VAZQUEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>ADYAR ANANDA BHAVAN CORP. (D/B/A ADYAR ANANDA BHAVAN) and ANITHA RAJU GOUNDER,<br><br>*Defendants.* | Docket No.: 21-cv-02793 (JPO) (GWG)<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

**WHEREAS,** Plaintiff, Domingo Ocampo Vazquez ("Plaintiff"), filed a Complaint asserting claims for, *inter alia*, the failure to pay minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"); and

**WHEREAS,** Plaintiff and Defendants, Adyar Ananda Bhavan Corp. (d/b/a Adyar Ananda Bhavan) and Anitha Raju Gounder ("Defendants") (collectively with Plaintiff, the "Parties"), reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over provisions of the FLSA, the NYLL, and applicable regulations; and

**WHEREAS**, the dismissal of this action is subject to a motion by Plaintiff to reopen this action within ninety (90) days after the Court (i) enters an order approving the Agreement and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last, should Defendants fail to timely pay Plaintiff and Plaintiff's counsel all monies owed under the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER STIPULATED AND AGREED**. that, upon the Court's dismissal of this action against Defendants, the Court shall keep this action administratively open for a period of ninety (90) days to allow Defendants time to deliver the settlement payment to Plaintiff.

9

**IT IS FURTHER STIPULATED AND AGREED** that, notwithstanding the dismissal of this action, Plaintiff shall maintain the right to move the Court to reopen this action within ninety (90) days after the Court: (1) enters an order approving the Agreement and (ii) dismisses or approves of dismissing the action with prejudice, whichever occurs last, should Defendants fail to timely pay Plaintiff and Plaintiff's counsel all monies owed under the Agreement.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

| C.S.M. LEGAL, P.C. | LEVIN-EPSTEIN & ASSOCIATES, P.C. |
|---|---|
| By: _William K. Oates_ | By: _Jason Mizrahi_ |
| William K. Oates, Esq. | Jason Mizrahi, Esq. |
| 60 East 42nd Street, Suite, 4510 | 60 East 42nd Street, Suite 4700 |
| New York, New York 10165 | New York, New York 10165 |
| (212) 317-1200 | (212) 792-0048 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED:

_____
GABRIEL W. GORENSTEIN, U.S.M.J.

10